UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISABEL CUEVAS, | No.  2:23-cv-01786 AC |
| Plaintiff, | |
| v. | ORDER |
| MARTIN O'MALLEY, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1] For the reasons that follow, plaintiff's motion for summary judgment will be DENIED, and defendant's cross-motion for summary judgment will be GRANTED.

I.  PROCEDURAL BACKGROUND

Plaintiff applied for DIB on August 7, 2018.  Administrative Record ("AR") 247-50.[2] The

---

[1]  DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability.  42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).
[2]  The AR is electronically filed at ECF Nos. 10 to 10-16 (AR 1 to AR 2408).

1

disability onset date was alleged to be February 15, 2010.[3] Id.  The application was disapproved initially and on reconsideration.  Id.  On July 23, 2020, ALJ Jason W. Crowell presided over the hearing on plaintiff's challenges.  AR 38-62 (transcript).  On August 27, 2020, the ALJ found plaintiff "not disabled" under Section 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d).  AR 1794-1808 (decision).  On April 27, 2022, the United States District Court for the District of Utah reversed the Commissioner's decision and remanded for further administrative proceedings.  AR 1835.

On April 20, 2023, ALJ Sara Gillis presided over the hearing that came before her on remand from the Appeals Council pursuant to a remand from the United States District Court for the District of Utah.  AR 1751-93 (transcript).  Plaintiff, who appeared with her counsel Marva Lee Match, was present at the hearing.  AR 1722.  Lorian Hyatt, a Vocational Expert ("VE"), and Roberto Carlos Reyes, the plaintiff's spouse, also testified.  Id.  Plaintiff required assistance from a Spanish interpreter.  Id.  On May 31, 2023, the ALJ found plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d).  AR 1716-32 (decision).  The Appeals Council did not assume jurisdiction of the remanded case, leaving the ALJ's decision as the final decision of the Commissioner of Social Security.  See 20 C.F.R. § 404.984(a).

Plaintiff filed this action on August 22, 2023.  ECF No. 1; see 42 U.S.C. § 405(g).  The parties consented to the jurisdiction of the magistrate judge.  ECF No. 12.  The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed.  ECF Nos. 11 (plaintiff's summary judgment motion), 14 (Commissioner's summary judgment motion), 15 (plaintiff's reply).

## II.  FACTUAL BACKGROUND

Plaintiff was born in 1972, and accordingly was, at age 46, a younger person under the regulations, when she filed her application.[4]  AR 1730.  Plaintiff has some high school education and is Spanish speaking, requiring an interpreter for proceedings held in English.  AR 1436, 1426,

---

[3] Plaintiff amended the alleged onset date of disability to May 27, 2014.  AR 367-68.
[4] See 20 C.F.R. § 404.1563(c) ("younger person").

2

1722.  Plaintiff worked as a housekeeper in hotels and hospitals and as a patient transporter.  AR 1436, 1727, 1730, 1782.

### III.  LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).  "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).  "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).  Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).  "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).  However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on

evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled."  42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI).  Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'"  Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, the claimant is not disabled.

Id. §§ 404.1520(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is disabled.  If not, proceed to step four.

Id. §§ 404.1520(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

4

Id. §§ 404.1520(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on March 31, 2015. (Exhibit 21D)
>
> 2. [Step 1] The claimant did not engage in substantial gainful activity during the period from her amended onset date through her date last insured of March 31, 2015 (20 CFR 404.1571 *et seq.*). (Exhibit 21D-22D)
>
> 3. [Step 2] Through the date last insured, the claimant had the following severe impairments: schizophrenia, paranoid; and major depressive disorder (MDD) with psychotic features (20 CFR 404.1520(c)).
>
> 4. [Step 3] Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. [Residual Functional Capacity ("RFC")] After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: understand, remember and apply simple job instructions; maintain concentration, persistence and pace for simple job tasks in 2 hour increments for 8 hours a day; she could interact occasionally with the public and co-workers with no teamwork assignments; and she could interact appropriately with supervisors on an occasional basis after initial training period.

6. [Step 4] Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

7. [Step 5] The claimant was born on January 18, 1972, and was 43 years old, which is defined as a younger individual age 18-49, on the date last insured (20 CFR 404.1563).

8. [Step 5, continued] The claimant has a limited education (20 CFR 404.1564).

9. [Step 5, continued] Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568).

10. [Step 5, continued] Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a).

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from February 15, 2010, the alleged onset date, through March 31, 2015, the date last insured (20 CFR 404.1520(g)).

AR 1724-1732. As noted, the ALJ concluded that plaintiff was "not disabled" under Title II of the Act. AR 1732.

## VI.  ANALYSIS

Plaintiff alleges that the ALJ erred by (1) not accounting for her social limitations in the RFC assessment; (2) not accounting for her limitations in a routine work setting; and (3) posing incomplete hypotheticals to the VE. ECF No. 11 at 8. Plaintiff argues the failure was harmful, and that the case should be remanded to the Commissioner for further proceedings. Id. at 20.

A.  The ALJ Adequately Address Plaintiff's Social Limitations in the RFC

Plaintiff contends that the ALJ's social restrictions do not fully account for the State agency opinions and that the ALJ thereby erred in assessing Plaintiff's residual functional capacity. ECF No. 11 at 12. Plaintiff argues that the "occasional" interaction mentioned in the ALJ's RFC assessment describes more contact than the "incidental" contact mentioned in the State agency opinions. Id. at 13. The undersigned finds that RFC assessment is consistent with the State agency opinions, and no error has occurred.

////

The ALJ bears the responsibility of "translating and incorporating clinical findings into a succinct RFC." Rounds v. Comm'r of Soc. Sec. Admin., 807 F.3d 996, 1006 (9th Cir. 2015) (citing Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008)). An RFC finding need not directly correspond to a specific medical opinion. Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012). The ALJ may incorporate the opinions of a physician by assessing RFC limitations entirely consistent with, but not identical to, limitations assessed by the physician. See Turner v. Comm'r of Soc. Sec. Admin., 613 F.3d 1217, 1222-23 (9th Cir. 2010).

! The State agency psychological consultants opined that,

> "Claimant's mental resilience is also likely to be taxed under stressful work conditions. Taking these limitations into account, claimant's mental residuals should not have precluded the ability to complete work tasks where social interactions are incidental to the tasks being performed, where time constraints are relaxed, and where claimant has adequate opportunity to plan for changes in routine or procedures."

AR 86-87. In response, the ALJ created the following RFC assessment for plaintiff, in relevant part, "she could interact occasionally with the public and co-workers with no teamwork assignments; and she could interact appropriately with supervisors on an occasional basis after initial training period." AR 1726.

The ALJ found the State agency opinions to be persuasive and stated that she accounted for those opinions by limiting plaintiff to "occasional interactions with the public and co-workers with no teamwork assignments; and appropriate interactions with supervisors on an occasional basis." AR 1726-30. The ALJ noted that she found the notion that "claimant's mental resilience would likely be taxed under stressful situations and that time constraints are to be relaxed" to be less persuasive because plaintiff's symptoms are stable with medication compliance, thus such limitation is not supported by treatment notes and clinical findings. Id. The ALJ based her RFC assessment on treatment notes, clinical findings and medical opinions provided. AR 1730. The ALJ limited plaintiff to occasional contact with co-workers and the public, with no co-worker collaboration. AR 1726. The ALJ thereby directly accounted for the prohibition on co-worker collaboration and translated the "incidental" social interactions into a limitation to "occasional"

contact with others. Id. Plaintiff argues that the "occasional" contact permitted by the ALJ's RFC assessment exceeds her social abilities as described by the State agency consultants. Plaintiff's argument relies on the difference between "occasional" (a limitation on time spent interacting) and "superficial" (a limitation on content/depth of interaction), contending that the ALJ should have interpreted reference to "incidental" social interactions as a limitation on both the time and depth of required social interactions. ECF No. 11 at 10.

The court does not find plaintiff's argument persuasive. The ALJ reasonably interpreted the use of the term "incidental" by the consultants to craft an RFC assessment that permits public contact on an occasional basis (up to one-third of a workday); such an interpretation does not clearly conflict with the medical source statement. See Shana D. v. Commissioner of Social Security, 2023 WL 3619081 (WD Wash., May 24, 2023) (finding the ALJ properly accounted for the state agency recommendations when creating plaintiff's RFC despite interpreting "without precluding incidental contact" to "occasional" contact with the public). Though the court agrees with plaintiff that the medical statement could be reasonably interpreted to support a more restrictive RFC, the ALJ's assessment of social restrictions constitutes an equally reasonable interpretation. Notably, the State agency consultants did not limit plaintiff to *only* "incidental" interaction; they simply noted that incidental interaction was not precluded. AR at 86-87. Because the ALJ's social restrictions are reasonably consistent with the State agency opinions and the ALJ used substantial evidence in making her determination, plaintiff has not shown that the ALJ erred in failing to fully account for the State agency opinions.

B. The ALJ Adequately Assessed the State Agency Physician's Prescribed Limitations

Plaintiff argues that the ALJ erred by not incorporating the State agency's recommendations to limit changes in the work setting within her RFC assessment. Specifically, the ALJ did not incorporate the recommendation that "time constraints are relaxed, and claimant has adequate opportunity to plan for changes in routine or procedures." ECF No 11 at 17. The court disagrees. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it." Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014). The regulations require that an ALJ's decision "explain" and "articulate" how persuasive the ALJ

finds "all of the medical opinions and all of the prior administrative medical findings in [the] case record." 20 C.F.R. § 404.1520c(b). The State agency's assessment constitutes a "prior administrative medical findings," which the ALJ was required to consider when formulating her RFC assessment. 20 C.F.R. § 404.1513(a)(5) (defining a "prior administrative medical finding" to include findings concerning an individual's RFC).

Plaintiff argues that while the ALJ considered the agency's opinion to be "generally persuasive," she failed to properly account for plaintiff's limitations in responding to changes in a routine work setting. ECF No. 11 at 18. This argument slightly mischaracterizes the ALJ's opinion. The ALJ made clear in her decision that she did *not* find persuasive the agency physicians' opinion that plaintiff's mental resilience would likely be taxed under stressful situations and that time constraints were to be relaxed, and she expressly decided to "not include any limitation involving fast paced work, and unskilled work would suffice as jobs are repetitive in nature by definition." AR 1729. The ALJ reached this determination because she concluded that the State agency's recommendation was inconsistent with the medical record, which showed plaintiff's symptoms are stable with medication. 20 C.F.R. §404.1527(c)(2) (the ALJ may consider consistency with the medical record in determining the weight to give to a medical opinion). The ALJ relied on the general rule that "[i]mpairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for benefits." Warre v. Comm'r of Soc. Sec. Admin._, 439 F.3d 1001, 1006 (9th Cir.2006).

The ALJ referred to specific portions of the record to support her conclusion that the medical history showed plaintiff's mental health symptoms were well managed with medication compliance. Id. Specifically, in July 2014, plaintiff was prescribed Zyprexa, and symptoms were well controlled. AR 724. Plaintiff reported anxious mood, normal speech, stable affect in normal range, logical / goal-directed thought process, no delusions, no hallucinations, no suicidal ideation, intact concentration, and intact memory. AR 725, 1728. In August 2014, plaintiff reported to have a euthymic mood and her symptoms were well controlled on Zyprexa. AR 723, 1728. Plaintiff had an involuntary psychiatric admission in November 2014, but only after she stopped taking her prescribed medication. AR 646, 648 ("According to her husband's history, the

patient has been deteriorating over the last month after stopping her medications and she has not been attending followup appointments with Dr. Kohler at UNI as directed"), 1728.

Plaintiff was subsequently treated with monthly injections of Invega Sustenna, beginning December 5, 2014.  AR 628, 1004, 1219, 1729.  Symptoms notably improved; by October 2015 plaintiff was reporting to have no distress, normal range of motion, normal strength, normal gain, no sensory deficit, improving mood, normal affect, normal speech, logical / goal-directed thought process, no delusions or hallucinations, intact concentration, and intact memory.  AR 629, 1729.  By December of 2015 plaintiff reported "feeling better," had normal affect, and scored in the "minimal" range on the GAD7.  AR 625.  Plaintiff continued with the injections through the date last insured.  The record reflects that plaintiff had good control of her symptoms with no evidence of psychosis, auditory hallucinations, or paranoia while compliant with her medication.  AR 1478, 1729.  Based on the medical reports surrounding plaintiff's ability to function while properly taking her medication, the ALJ reached a factually supported conclusion that plaintiff did not need accommodations beyond a limitation to "simple job instructions" and "simple job tasks", so long as plaintiff took her medication as prescribed.  AR 1726, 1728-29.  The court finds no legal error.

C.  The ALJ Erred by Posing an Incomplete Hypothetical to the Vocational Expert

Plaintiff argues that the ALJ committed harmful error by not posing hypotheticals to the VE that addressed all of plaintiff's functional limitations, focusing on the limitations discussed above, which the court has already concluded were adequately addressed and rejected by the ALJ.  Plaintiff also asserts that the ALJ failed to ask the VE a question regarding supervisory limitations, but that assertion is belied by the record in which the ALJ specifically asks the VE a question adjusting the supervisory contact in the posed hypothetical.  AR 1783.  The VE indicated that there would be no available jobs under the ALJ's hypothetical if supervisory contact were reduced to occasional during the initial training period.  Id.  The ALJ accounted for this in the RFC by excepting the initial training period from the occasional supervisory contact limitation.  AR 1726.  Accordingly, plaintiff has not identified an error.

////

## VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 11), is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 14), is GRANTED; and

3. The Clerk of the Court shall enter judgment for defendant, and close this case.

SO ORDERD.

DATED: April 2, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE